IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Criminal No. 3:16-CR-516-D |
| VS. | § | |
| | § | |
| ALAN ANDREW BEAUCHAMP (1) | § | |
| RICHARD FERDINAND TOUSSAINT, JR (2) | § | |
| | § | |
| WADE NEAL BARKER (3) | § | |
| WILTON MCPHERSON BURT (4) | § | |
| ANDREA KAY SMITH (5) | § | |
| CARLI ADELE HEMPEL (6) | § | |
| KELLY WADE LOTER (7) | § | |
| JACKSON  JACOB (8) | § | |
| DOUGLAS SUNG WON (9) | § | |
| MICHAEL BASSEM RIMLAWI (10) | § | |
| DAVID DAESUNG KIM (11) | § | |
| WILLIAM DANIEL NICHOLSON, IV (12) | § | |
| SHAWN MARK HENRY (13) | § | |
| MRUGESHKUMAR KUMAR SHAH (14) | § | |
| GERALD PETER FOOX (15) | § | |
| FRANK  GONZALES, JR (16) | § | |
| ISRAEL  ORTIZ (17) | § | |
| IRIS KATHLEEN FORREST (18) | § | |
| ANDREW JONATHAN HILLMAN (19) | § | |
| SEMYON  NAROSOV (20) | § | |
| ROYCE VAUGHN BICKLEIN (21), | § | |
| | § | |
| Defendants. | § | |

## CRIMINAL TRIAL SCHEDULING ORDER

MOTION DEADLINE: January 30, 2017

TRIAL SETTING: Monday, February 27, 2017 at 9:00 a.m.

COUNSEL AND THEIR STAFFS ARE DIRECTED TO READ THIS ORDER BEFORE CONTACTING THE COURT FOR INFORMATION. THIS ORDER CONTAINS BASIC INFORMATION THAT ADDRESSES MANY OF THE INQUIRIES RECEIVED BY THE COURT. QUESTIONS CONCERNING THIS ORDER MAY BE ADDRESSED TO THE COURT COORDINATOR (214) 753-2336. DO NOT CALL THE LAW CLERKS.

## I. Electronic Filing Optional

Pursuant to N.D. Tex. Crim. R. 49.2(f), the court grants the parties the option of filing pleadings, motions, or other papers on paper. Filing by electronic means is permitted, not required.

## II. "Judge's Copy" Requirements

Pursuant to N.D. Tex. Crim. R. 49.2((b), when a pleading, motion, or other paper is submitted on paper, the party must file an original and one judge's copy with the clerk. When a pleading, motion, or other paper is filed by electronic means, the party must submit the judge's copy—i.e., a paper copy of the electronic filing—using the procedures for Judge Fitzwater specified on the court's website. This information can currently be obtained by visiting http://www.txnd.uscourts.gov/filing/ecf.html and selecting the link for "Judges' Copy Requirements." (The term "judge's copy" is defined in N.D. Tex. Crim. R. 1.1(g) ("The term 'judge's copy' means a paper copy of an original pleading, motion, or other paper that is submitted for use by the presiding judge.").)

A party making an electronic filing should assume that the court is unaware of the filing until the judge's copy has been physically received in chambers, even if the filing requests "emergency," "expedited," or similar relief or provides for agreed relief concerning a fast-approaching deadline. When such relief is sought, counsel should arrange to have the judge's copy promptly delivered to chambers and should alert the court's staff telephonically to expect the delivery.

## III.

## Application of Rules

1. The parties shall comply with the Federal Rules of Criminal Procedure and the local criminal rules of this court. If the court, by order entered in this case, has modified the application of a Federal Rule of Criminal Procedure or a local criminal rule, the court's order governs.

## Pretrial Motions

2. Pursuant to Fed. R. Crim. P. 12(c) all pretrial motions, notices, requests, and demands must be filed no later than the motion deadline set forth above. Motion practice is governed by LCrR 47.1 and 47.2. The court will not conduct a hearing on a motion unless a hearing is required by law or by rule.

3.      Motions in limine must not be filed as a matter of course and, if filed, must be limited to matters that meet the following requirements:  (1) the matter cannot adequately be raised by trial objection without prejudice to the moving party and (2) the prejudice of mentioning the matter in the presence of the jury cannot be cured by an instruction from the court. Motions in limine must include neither "standard" requests not tailored to a case-specific matter, nor issues presented in order to obtain substantive rulings that should have been requested in advance of trial by appropriate motion.

Motions in limine must be filed no later than the motion deadline unless counsel, in the exercise of reasonable diligence, could not have known of the basis for the motion as of the  motion deadline.  If that narrow requirement is met, a motion in limine may be filed after the motion deadline, but it must include as the first section of the motion a detailed explanation  of why counsel, in the exercise of reasonable diligence, could not have known of the basis for the motion as of the  motion deadline.

## Trial Setting, Continuances, and Pretrial Conference

4.      This case is set for trial on the date set forth above.  When the term "trial setting" is used in this order, it means that date.

5.      If the trial setting is continued, the parties' obligations to comply with unexpired deadlines governed by the date of the trial setting are extended so that they are governed by the date of the new trial setting.  Unless the court orders otherwise, the continuance of a trial setting does not extend the motion deadline or any expired deadlines.

6.      If the court determines that a pretrial conference should be conducted before the date of the trial setting, it will notify counsel.  Otherwise, the court will conduct a pretrial conference on the date of the trial setting, prior to jury selection.

## Trial Materials and Pretrial Disclosures

7.      The parties must comply with LCrR 16.1(a) and (b) no later than 14 days before the trial setting.

8.      Witness lists and exhibit lists must be prepared as separate documents.  Exhibit lists must contain a brief description (e.g., lab report) of each exhibit, and must separately list each exhibit by the number that will be used at trial.  Do not use letter suffixes to identify exhibits (e.g., designate them as 1, 2, 3, not as 1A, 1B, 1C).  Witness lists must separately list each witness and must separately identify expert witnesses.  Witness lists and exhibit lists may not be amended after the applicable deadline except by agreement of all affected parties or with leave of court.  Unless the court advises the parties otherwise, they must not deliver trial exhibits, or courtesy copies of such exhibits, to the court or to the court reporter before the date of the trial setting.

9.    Counsel must submit proposed voir dire questions, if any, at least 14 days before the trial setting.  The court will conduct the principal voir dire.  Unless counsel are otherwise notified, the court will permit one attorney per side to ask follow-up questions (a time limit of ten minutes is usually imposed).

10.   Counsel must submit requested jury instructions, in accordance with LCrR 30.1, at least 14 days before the trial setting.

## Presentation of Evidence

11.   Unless leave of court is obtained, the court will limit the examination of each witness to direct examination, cross-examination, one redirect examination, and one recross-examination.  In cases where the court deems it appropriate, the court will impose time limits on the presentation of evidence.

12.   The court adheres to the scope of cross-examination rule of Fed. R. Evid. 611(b).

13.   The court permits the use of summary witnesses only in cases that qualify as complex under the law of this circuit.  In such cases, the presentation of summary witness testimony is governed by the law of this circuit.

## Trial Schedule and Conduct of Counsel

14.   The court's normal working hours during trial are 9:00 a.m. to 5:00 p.m., Monday through Thursday. The court permits juries to deliberate on Fridays, but otherwise reserves that day for its weekly criminal docket.

15.   The conduct of counsel at trial is governed by LCrR 57.4.  Unless counsel are already familiar with the content of this rule, they must read it prior to commencement of the trial.


**SO ORDERED**.

December 27, 2016.


SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE