ORIGINAL

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

2017 JAN -9  PM 3: 34

DEPUTY CLERK_____

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 3:16-CR-00516-D |
| KELLY WADE LOTER (07) | |

## PLEA AGREEMENT

The defendant, Kelly Wade Loter, the defendant's attorney, David Finn, and the

United States of America (the government), agree as follows:

1. **Rights of the defendant**:   The defendant understands that he has the

   rights:

   a.     to plead not guilty;

   b.     to have the case against him presented to a Federal Grand Jury;

   c.     to have a trial by jury;

   d.     to have his guilt proven beyond a reasonable doubt;

   e.     to confront and cross-examine witnesses and to call witnesses in his
          defense; and

   f.     against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**:   The defendant waives these rights and

pleads guilty to the offense alleged in Count One of the superseding information charging

a violation of 18 U.S.C. § 4, that is, misprision of a felony.   The defendant understands

the nature and elements of the crime to which he is pleading guilty, and agrees that the

factual resume he has signed is true and will be submitted as evidence.

3.    **Sentence**: The maximum penalties the Court can impose for Count One include:

    a.    imprisonment for a period not to exceed 3 years;

    b.    a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

    c.    a term of supervised release of not more than 1 year, which may be mandatory under the law and will follow any term of imprisonment. If Loter violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

    d.    a mandatory special assessment of $100;

    e.    restitution to victims or to the community, which Loter agrees will include restitution arising from all relevant conduct, and not limited to that arising from the offense of conviction alone; and

    f.    costs of incarceration and supervision.

4.    **Sentencing agreement**: Pursuant to Rule 11(c)(l)(C), FED. R. CRIM. P., the parties agree that, in lieu of a term of imprisonment, the appropriate sentence in this case is a term of probation of 60 months (five years).   If the Court accepts this plea agreement, this provision is binding on the Court.   Other than the agreed term of probation, the Court remains free to determine the sentence it deems appropriate, under the advisory United States Sentencing Guidelines.

5.    **Rejection of agreement**. Pursuant to Rule 11(c)(5), FED. R. CRIM. P., if the Court rejects this plea agreement, Loter will be allowed to withdraw his guilty plea. If Loter declines to withdraw his guilty plea, the disposition of the case may be less favorable than that contemplated by this agreement.

6.      **Mandatory special assessment**: Prior to sentencing the defendant agrees to pay to the U.S. District Clerk the amount of $100.00, in satisfaction of the mandatory special assessment in this case.

7.      **Defendant's agreement**:    The defendant shall give complete and truthful information and/or testimony concerning his participation in the offense of conviction. Further, upon demand, the defendant shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution.   The defendant expressly authorizes the United States Attorney's Office to immediately obtain a credit report on him in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant fully understands that any financial obligation imposed by the court, including a restitution order and/or the implementation of a fine, is due and payable immediately.   In the event the Court imposes a schedule for payment of restitution, defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy defendant's full and immediately enforceable financial obligation.   The defendant understands that he has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the court.

8.      **Government's agreement**:    The government will not bring any additional charges against the defendant based upon the conduct underlying and related to the defendant's plea of guilty.   The government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms.

The government will dismiss, after sentencing, any remaining charges in the pending indictment.   This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against the defendant or any property.

9.   **Violation of agreement:**   The defendant understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute the defendant for all offenses of which it has knowledge.   In such event, the defendant waives any objections based upon delay in prosecution.   If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, the defendant also waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

10.   **Voluntary plea**:   This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement.   There have been no guarantees or promises from anyone as to what sentence the Court will impose.

11.   **Waiver of right to appeal or otherwise challenge sentence**:   Loter waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction, sentence, fine and order of restitution or forfeiture in an amount to be determined by the district court.   He further waives his right to contest his conviction, sentence, fine and order of restitution or forfeiture in any collateral proceeding, including

proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255.   He further waives his right to seek any further reduction in his sentence (e.g., based on a change in sentencing guidelines or statutory law).   Loter, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

12.     **Representation of counsel**: The defendant has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation.   The defendant has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement.   Because he concedes that he is guilty, and after conferring with his lawyer, the defendant has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

13.     **Entirety of agreement**:   This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

Agreed to and signed this ___ day of January, 2017.


                                         JOHN R. PARKER
                                         UNITED STATES ATTORNEY


LISA MILLER
Criminal Chief


KATHERINE MILLER
Deputy Criminal Chief


                                         ANDREW O. WIRMANI
                                         Assistant United States Attorney
                                         Texas Bar No. 24052287
                                         1100 Commerce Street, Third Floor
                                         Dallas, Texas 75242-1699
                                         Tel: (214) 659-8600
                                         Fax: (214) 659-8809
                                         Email: andrew.wirmani@usdoj.gov


KELLY LOTER                              DAVID FINN
Defendant                                Attorney for Defendant


Plea Agreement - Page 6

## **CERTIFICATION**

I have read or had read to me this Plea Agreement and have carefully reviewed every part of it with my attorney.   I fully understand it and voluntarily agree to it.

_____

KELLY LOTER
Defendant

$1/9/16$
Date

I am the defendant's counsel.   I have carefully reviewed every part of this Plea Agreement with the defendant.   To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____

DAVID FINN
Attorney for Defendant

_____
Date